# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**Clifford Lee Pimpleton**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:02-cr-239**

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant waived a probable cause hearing on the charges which allege that he failed to report to the probation office within 72 hours of his release from custody of the Bureau of Prisons and his reason for doing so was that he had used cocaine on the date of his release and was waiting until he believed he could submit a drug-free urine specimen. Unfortunately (for him) he miscalculated and tested positive. When confronted about his positive urinalysis, defendant adamantly denied use or possession of cocaine (continued on attachment)

## Part II – Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that there are conditions that will assure his presence in court. He has evidenced a willingness to affirmatively deceive the court and to abide by his conditions of supervised release only when it is to his benefit. If he is doing this as a matter of calculation, the court is unable to place its trust in him with any assurance that he will appear for further proceedings as directed. On the other hand, if he is unable to conform his conduct because he has an overwhelming substance abuse problem, which appears less likely, his (continued on attachment)

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 9, 2008

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*
Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Clifford Lee Pimpleton
1:02-CR-239
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) - (continued)**

> to the probation officer. He also submitted a written report denying such use. He now contends, however, that he has a substance abuse problem which he states he is now addressing. Defendant maintains he could live with his mother if released, but he was living with his mother following his release from custody when he was doing drugs. Defendant also says he could live with his girlfriend, but when he was with his girlfriend he was drinking alcohol which he is also prohibited from doing.

**Part II - Written Statement of Reasons for Detention - (continued)**

> reliability to meet future court obligations is equally suspect. Moreover, in light of the fact this is a second revocation proceeding in less than a year and that plaintiff will perceive it quite possible that he is going back to prison, the likelihood of his continuing to use drugs or to fail to appear for the revocation hearing if given the opportunity, is more likely than it might otherwise be.